UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT NAMER** | **CIVIL ACTION** |
| **VERSUS** | **No. 15-3263** |
| **SCOTTSDALE INSURANCE COMPANY ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court are an unopposed motion[1] to dismiss filed by defendant, Scottsdale Insurance Company ("Scottsdale"), and an unopposed motion[2] to dismiss filed by defendant, AIG Property Casualty Company ("AIG"). For the following reasons, the Court concludes that both motions should be granted.

### I. Scottsdale's Motion

Plaintiff, Robert Namer, initiated this lawsuit against several insurers seeking insurance coverage for attorneys' fees and expenses that he incurred in connection with three now-concluded lawsuits, as well as damages for unspecified violations of state insurance law.[3] Scottsdale's motion, which is filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserts that plaintiff's claims against Scottsdale should be dismissed because (1) the insurance contract bars coverage for the fees and expenses sought by plaintiff, and (2) Scottsdale's conduct did not violate state insurance law.[4] Scottsdale is correct with respect to both arguments.

---

[1] R. Doc. No. 13.
[2] R. Doc. No. 18.
[3] R. Doc. No. 1.
[4] R. Doc. No. 13. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court may consider documents incorporated into the complaint by reference. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). Plaintiff's complaint expressly refers to the Scottsdale policy. R. Doc. No. 1, ¶ 9.

First, plaintiff does not dispute that the parties in the three lawsuits that gave rise to this action were plaintiff, who is an insured under Scottsdale's policy, and other insureds under Scottsdale's policy. As Scottsdale points out, the insurance policy unambiguously contains an "insured vs. insured" coverage exclusion.[5] Pursuant to that exclusion, Scottsdale was not obligated to defend or indemnify plaintiff for any loss—including defense costs—that plaintiff sustained in the three underlying lawsuits. Plaintiff therefore cannot recover those fees and costs from Scottsdale.

Second, with respect to plaintiff's statutory claims, Scottsdale is also correct that a good faith denial of insurance coverage is neither a breach of contract nor a breach of the Louisiana Insurance Code or the California Insurance Code.[6] As explained above, plaintiff does not have a valid claim for coverage, which is a prerequisite for a bad faith claim against an insurer. *See Douglas v. Renola Equity Fund, II, LLC*, No. 13-6192, 2015 WL 5552142, at *2 (E.D. La. Sept. 18, 2015) (Vance, J.) ("[P]enalties in these statutes . . . do not provide a cause of action against an insurer absent a valid, underlying insurance claim."); *Aquarius Well Drilling Inc. v. Am. States Ins. Co.*, 593 F. App'x 720, 721 (9th Cir. 2015) ("In the absence of a duty to defend, derivative claims premised on the alleged breach of that duty fail.").

Accordingly, plaintiff's statutory claims against Scottsdale must also be dismissed.

## II. AIG's Motion

AIG's unopposed motion to dismiss, which is also filed pursuant to Rule 12(b)(6), asserts that the claims against AIG should be dismissed for two reasons.[7] First, AIG argues that it is not a proper defendant in this action because AIG was not the insurance company that issued the policy pursuant to which plaintiff seeks coverage. Plaintiff has sued AIG seeking excess insurance coverage pursuant

---

[5] R. Doc. No. 13-1, at 8; R. Doc. No. 13-2, at 26–29.
[6] Plaintiff's complaint is unclear with respect to which state's law applies to this action. However, neither state's insurance code penalizes a good faith denial of insurance coverage. Accordingly, plaintiff's state law claims fail regardless of which state law applies.
[7] R. Doc. No. 18.

to the insurance policy attached to plaintiff's complaint as Exhibit "A"—a different insurance policy than the Scottsdale policy discussed above.[8]  As AIG correctly explains, however, National Union Fire Insurance Company of Pittsburgh, Pa. and not AIG is the excess carrier under that policy.[9]  The Court therefore agrees with AIG that it is not a proper party to the lawsuit.

AIG also argues, however, that even if this Court were to find that it is the correct party, a dismissal is nevertheless warranted because the excess insurance policy is not triggered until exhaustion of any "Scheduled Underlying Insurance" or "Other Insurance," as those terms are defined by the policy.[10]  As Judge Fallon of this Court has explained, exhaustion only occurs when the primary insurer has made payments that reach the insurer's policy limits. *Lamarque Ford, Inc. v. Federal Ins. Co.*, No. 4355, 2011 WL 2020566, at *5 (E.D. La. May 24, 2011) (Fallon, J.).  Contrary to plaintiff's position, the primary insurance coverage is not "exhausted" by a refusal of the primary insurer to provide coverage, as was the case here. *See id.*  Accordingly, even if plaintiff were to name the proper excess carrier as a defendant, it is clear that the excess coverage was never triggered pursuant to the policy.

After considering the merits of defendants' motions, as well as the fact that plaintiff has not timely filed any memoranda in opposition,

**IT IS ORDERED** that the unopposed motions are **GRANTED** and that all claims against Scottsdale and AIG in the above-captioned matter are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, November 19, 2015.

                                                    **LANCE M. AFRICK**
                                           **UNITED STATES DISTRICT JUDGE**

---

[8] R. Doc. No. 1, at 3; R. Doc. No. 1-2, at 2.
[9] R. Doc. No. 18-1, at 3–4; R. Doc. No. 1-2, at 2.
[10] R. Doc. No. 18-1, at 6.