UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT NAMER                                      CIVIL ACTION

VERSUS                                            No. 15-3263

SCOTTSDALE INSURANCE COMPANY                      SECTION I
ET AL.

## ORDER AND REASONS

Before the Court is a joint motion[1] for final judgment filed by dismissed defendants, Scottsdale Insurance Company ("Scottsdale") and AIG Property Casualty Company ("AIG"). Defendants argue that "there is no reason for AIG Property Casualty or Scottsdale to remain in the lawsuit while claims are pursued against the lone remaining insurer defendant, and there is no just reason to delay the entry of a final Judgment in favor of AIG Property Casualty and Scottsdale."[2] Plaintiff opposes[3] the motion. For the following reasons, the motion is denied.

Rule 54(b) of the Federal Rules of Civil Procedure provides that the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The U.S. Fifth Circuit Court of Appeals has explained that "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (citation omitted). "A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *Id*. While the certification of an order as final and appealable under Rule 54(b) is "left to the sound

---

[1] R. Doc. No. 34.
[2] R. Doc. No. 34-1, at 1-2.
[3] R. Doc. No. 42.

judicial discretion of the district court," *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980), Rule 54(b) judgments are not favored. *PYCA Indus., Inc.*, 81 F.3d at 1421.

The Court is not persuaded that the danger of hardship or injustice to Scottsdale and AIG outweighs the Fifth Circuit's policy against piecemeal appeals. Whatever small irritation is imposed on Scottsdale and AIG, their inconvenience does not outweigh the burden, inefficiency, and cost associated with piecemeal review. *See Ichinose v. Travelers Flood Ins.*, No. 06–1772, 2007 WL 1799673, at *2 (E.D. La. June 21, 2007) (Vance, J.) ("In making this determination, the district court has a duty to weigh 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.') (citation omitted).

Simply put, Scottsdale and AIG's hardship is no different from the hardship suffered by any party dismissed from a lawsuit prior to its final resolution. That hardship in and of itself is insufficient to justify a Rule 54(b) judgment. Accordingly,

**IT IS ORDERED** that the joint motion for final judgment is **DENIED**.

New Orleans, Louisiana, February 29, 2016.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**