UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT NAMER                                                          CIVIL ACTION

VERSUS                                                                       No. 15-3263

SCOTTSDALE INSURANCE COMPANY                              SECTION I
ET AL.

## ORDER AND REASONS

Before the Court is a motion[1] filed by plaintiff, Robert Namer ("Namer"), for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. Namer asks that this Court vacate its order and reasons[2] granting defendants, Scottsdale Insurance Company's ("Scottsdale") and AIG Property Casualty Company's ("AIG"), unopposed motions[3] to dismiss. Scottsdale and AIG have filed briefs in opposition[4] to Namer's motion. For the following reasons, the Court concludes that dismissal of Namer's claims against Scottsdale and AIG is warranted and that Namer's motion should therefore be denied.

## LAW AND ANALYSIS

### I. Identifying the Correct Standard of Law

Both Namer and defendants cite Rule 60(b) as setting forth the applicable standard that Namer must satisfy in order to prevail on his motion for reconsideration. However, an order dismissing fewer than all of the claims in a complaint is an interlocutory order. *See Cochran v. B.J. Servs.*, 254 F.3d 71 (5th Cir. 2001) ("When an action involves multiple parties, any decision that adjudicates the liability of fewer than all of the parties does not terminate the action and is therefore not appealable unless certified by the district judge under Federal Rule of Civil Procedure 54(b)."); *Harris v. Nix*, 52

---

[1] R. Doc. No. 44.
[2] R. Doc. No. 21.
[3] R. Doc. Nos. 13, 18.
[4] R. Doc. Nos. 52, 53.

F.3d 1067 (5th Cir. 1995) ("[T]he partial dismissal of a multi-claim action is not a final decision and is unappealable as an interlocutory order absent certification. . . .").

Reconsideration of interlocutory orders is not governed by Rule 60(b).[5]  *See McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (citation omitted) ("Interlocutory orders, such as grants of partial summary judgment, are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires."). Rather, the correct starting point for evaluating whether interlocutory orders should be altered is set forth in Rule 54(b).  *Id.*  Rule 54(b) provides, in pertinent part, that any interlocutory order that does not fully resolve all claims, such as this Court's November 19, 2015 order and reasons,[6] "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

"Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Bernard v. Grefer*, No. 14-887, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015) (Fallon, J.).  The general practice of courts in this district has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *See, e.g., Matthews v.*

---

[5] The Fifth Circuit has explained that the Advisory Committee's notes accompanying the Federal Rules of Civil Procedure support this view:

> Rule 60(b) provides a court may relieve a party from a final judgment, order, or proceeding.  It does not afford relief from interim or interlocutory judgments.
>
> The addition of the word "final" emphasizes the character of the judgment, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.

*Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 871 (5th Cir. 1989) (quoting Fed. R. Civ. P. 60(b) advisory committee's note).

[6] R. Doc. No. 21.

*Stolier*, No. 13-6638, 2015 WL 4394109, at *1 (E.D. La. July 15, 2015) (Milazzo, J.); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09–4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.); *Bernard*, 2015 WL 3485761, at *5 (Fallon, J.).  This Court has not, however, been uniformly consistent in this regard.

Indeed, it has held in some cases that whether Rule 59(e) or Rule 60(b) applies to a motion to reconsider an interlocutory order turns on the timing of the motion.  *See, e.g., Broussard v. First Tower Loan, LLC*, No. 15-1161, 2016 WL 879995, at *2 (E.D. La. Mar. 8, 2016) (Barbier, J.) ("The difference in treatment [of a motion to reconsider an interlocutory order] is based on timing."); *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2011 WL 2293123, at *2 (E.D. La. June 8, 2011) (Zainey, J.) (same); *E Eric Guirard & Associates v. Am. First Ins. Co.*, No. 07-9334, 2010 WL 1743193, at *3 (E.D. La. Apr. 29, 2010) (Fallon, J.); *Morris v. Gulf Coast Rail Grp., Inc.*, No..07-5453, 2010 WL 2990069, at *1 (E.D. La. July 26, 2010) (Africk, J.) (same); *Pinero v. Jackson Hewitt Tax Serv. Inc.*, No. 08-3535, 2009 WL 1424541, at *2 (E.D. La. May 20, 2009) (Vance, J.) (same).[7]

"Although Rules 59 and 60 set forth specific time frames during which reconsideration may be sought, Rule 54 sets forth no such limitation."  *Mitchell v. Amica Mut. Ins. Co.*, No. 14-2766, 2015 WL 9488457, at *4 (E.D. La. Dec. 30, 2015) (Brown, J.).  Accordingly, in this Court's view it makes little sense to apply one standard of review to some interlocutory orders and another standard to

---

[7] All of these cases cite the Fifth Circuit's decision in *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1990) abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).  In that case, the Fifth Circuit explained:

> "[P]rovided that [the motion for reconsideration] challenges the prior judgment on the merits, [it] will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b).  Under which Rule the motion falls turns on the time at which the motion is served.  If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)."

*Id.* at 173.  The ten-day time limit referred to in *Lavespere* was extended to twenty-eight days when the Federal Rules of Civil Procedure were amended in 2009.  *See* Fed. R. Civ. Proc. 59(e).

others.  While this Court has occasionally cited *Lavespere* for the proposition that two different standards of reconsideration can apply to interlocutory orders, the *Lavespere* opinion itself discussed Rules 59(e) and 60(b) in the context of reviewing "prior *judgments* on the merits," not interlocutory orders.  *Lavespere*, 910 F.2d at 173 (emphasis added).  Indeed, the Fifth Circuit in *Lavespere* was considering the appropriate standard for evaluating a motion for reconsideration that was filed after judgment was entered as to all of plaintiff's claims.  *Id.* at 175 ("Lavespere served that motion, which challenged the summary judgment on its merits well before 10 days from the entry of judgment had passed.").

Based on these facts, and given that a more recent Fifth Circuit opinion makes clear that "[i]nterlocutory orders . . . are not within the provisions of 60(b),"[8] the Court concludes that Namer's motion is properly considered under Rule 59(e) irrespective of how much time has elapsed between the Court's order and his motion to reconsider.[9]

A motion to alter or amend a judgment filed pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered

---

[8] *See McKay*, 751 F.3d at 701-02.

[9] The Court notes, however, that Namer's motion for reconsideration fails even when subjected to Rule 60(b) scrutiny.  Indeed, Scottsdale and AIG are correct that Namer's counsel has waited unreasonably long to file this motion.  *See* Fed. R. Civ. P. 60(c) (stating that "[a] motion under Rule 60(b) must be made within a reasonable time").  "A reasonable time for filing such a motion [for reconsideration] is defined by the particular facts and circumstances of each case." *Associated Marine Equip., LLC v. Jones*, 407 F. App'x 815, 816 (5th Cir. 2011); *see also Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) ("What constitutes a 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.") (cited with approval in *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004)).

The Court granted Scottsdale and AIG's motions to dismiss on November 19, 2016. R. Doc. No. 21.  Namer filed his motion to reconsider approximately three months later, on February 26, 2016. R. Doc. No. 44.  Given that Namer first advanced the same excuses he now offers on January 5, 2016, when he requested that this Court set aside the default judgment that had been entered in favor of defendant, Associated Industries Insurance Company, Inc. ("AIIC"), R. Doc. No. 26, those same excuses do not justify waiting an additional seven weeks to file this motion.  While the Court may have been willing to excuse Namer's counsel's neglect at the beginning of January, it will not once again do so.

evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under" Rule 59(e). *Lavespere*, 910 F.2d at 174. "A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law." *Jupiter v. BellSouth Telecomms., Inc.*, No. 99–0628, 1999 WL 796218, at *1 (E.D. La Oct. 5, 1999) (Vance, J.).

"A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted); *see also Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (defining "manifest error" in an appellate review context as "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law."). "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005). When deciding such a motion, "[t]he Court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

## II. Analysis

In his motion, Namer incorrectly asserts that this Court granted Scottsdale and AIG's motions to dismiss simply because they were unopposed and "not on substantive grounds."[10] But the order and reasons explicitly stated that the Court was dismissing plaintiff's claims "[a]fter considering the

---

[10] R. Doc. No. 44-1, at 1.

merits of defendants' motions . . . as well as the fact that plaintiff has not timely filed any memoranda in opposition."[11] It follows that unless Namer demonstrates that the order and reasons was based on manifest errors of law or fact, that there is new evidence affecting Namer's claims against Scottsdale and AIG, that reconsideration is required to prevent Namer from suffering manifest injustice, or that reconsideration is justified by an intervening change in the controlling law, then no amount of excusable neglect committed by Namer's counsel is sufficient to justify reconsideration of this Court's order.[12] *See Jupiter*, 1999 WL 796218, at *1 (listing grounds on which Rule 59(e) relief may be obtained).

Namer's motion fails to point to any newly discovered evidence or to an intervening change in the controlling law. The only issues are therefore whether the Court made a manifest error of law or fact and whether reconsideration is necessary to prevent a manifest injustice to Namer. The Court finds Namer's arguments insufficient to justify reconsideration on either of those grounds.

---

[11] R. Doc. No. 21, at 3. Indeed, the Fifth Circuit has reversed a district court's Rule 12(b)(6) dismissal of a plaintiff's complaint based simply on the fact that it was "unopposed" because plaintiff had failed to file a brief in opposition. *Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012). As the Fifth Circuit explained in *Webb*:

> The district court granted the motion to dismiss the complaint under Rule 12(b)(6) because it was "unopposed." The Federal Rules of Civil Procedure, however, do not, by their own terms, require a party to file a response in opposition to a motion to dismiss. *See* Fed. R. Civ. P. 12. Accordingly, the district court improperly granted the motion to dismiss for failure to state a claim solely because the Webbs failed to oppose the motion. *See John v. Louisiana*, 757 F.2d 698, 707–10 (5th Cir. 1985) ("[A]lthough we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation."). When entering judgment, the district court did not consider the merits of the Webbs' complaint, so there is no merits-based reasoning for the panel to review. Even though the district court purported to grant a 12(b)(6) motion, this dismissal is reasonably construed as a sanction for not complying with the Western District of Louisiana's Local Rule requiring parties who oppose motions to file responses in opposition.

*Id.*

[12] Although, as previously explained, the Court does not find Namer's counsel's neglect to be excusable.

The Court's November 19, 2015 order and reasons[13] provides ample explanation as to why Namer fails to state a claim against Scottsdale and AIG, and the Court sees no need to rehash that legal analysis here.  Instead, the Court simply notes that Namer's claims against Scottsdale were dismissed because (1) the insurance contract Namer sues under bars coverage for the fees and expenses sought by Namer, and (2) Scottsdale's denial of coverage for Namer therefore did not violate the Louisiana or California Insurance Code.[14]  Namer's claims against AIG were dismissed because AIG was not the insurance company that issued the policy pursuant to which Namer seeks coverage and, even if AIG was the correct party, the excess insurance coverage had not been triggered.[15]

While Namer may disagree with the Court's conclusions, "[a] 'manifest error' is not demonstrated by the disappointment of the losing party." *Oto*, 224 F.3d at 606.  Instead, it takes "wholesale disregard, misapplication, or failure to recognize controlling precedent" to justify reconsideration.  *Id.*  Far from demonstrating such manifest error, Namer's motion simply advances arguments he could and should have raised previously.  Because "[a] motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments," *LeClerc*, 419 F.3d at 412 n.13, this alone is a sufficient basis for refusing Namer's requested relief.  The Court has also considered the merits of Namer's arguments, however, and finds them unconvincing.[16]

---

[13] R. Doc. No. 21.
[14] R. Doc. No. 21, at 1.
[15] R. Doc. No. 21, at 2-3.
[16] While Namer attaches several affidavits to his motion that he believes support his claims against Scottsdale, *see* R. Doc. No. 44-4, the Court observes that those affidavits are not properly considered when evaluating a motion to dismiss.  "In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken."  *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).  A document is incorporated in the complaint if it is referred to in the complaint and is central to the plaintiff's claim.  *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).  When matters outside of the pleadings are presented with a Rule 12(b)(6) motion to dismiss, "a district court has complete discretion to either accept or exclude the [additional] evidence."  *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007).
    The affidavits attached by plaintiff are neither attached nor referred to in his complaint. R. Doc. No. 1.  Accordingly, and as Scottsdale argues, they are not properly considered by the Court.

As for the argument that a failure to reconsider would work a manifest injustice on Namer, that argument is not persuasive given his unjustifiable delay in filing this motion. "[M]anifest injustice does not exist where, as here, a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Ciralsky v. C.I.A.*, 355 F.3d 661, 673 (D.C. Cir. 2004). Furthermore, it is difficult to understand what injustice Namer could have suffered where there is no indication that the Court erred in its previous decision. Accordingly, Namer's motion for reconsideration does not meet the standards set forth by Rule 59(e), and must be denied.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion is **DENIED**.

New Orleans, Louisiana, April 4, 2016.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

Even if the Court were to consider them, however, it would not change the outcome of Namer's motion.