UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT NAMER** | **CIVIL ACTION** |
| **VERSUS** | **No. 15-3263** |
| **SCOTTSDALE INSURANCE COMPANY ET AL.** | **SECTION I** |

## ORDER AND REASONS

The remaining defendant, Associated Industries Insurance Company, Inc. ("AIIC"), has filed a motion[1] for summary judgment. AIIC argues that plaintiff's claims should be dismissed because the insurance policy at issue excludes coverage for his claims. Plaintiff, Robert Namer ("Namer"), has filed an opposition.[2] For the following reasons, the Court concludes that there are no genuine issues of material fact and that the motion for summary judgment should be granted.

## BACKGROUND

Namer filed the above-captioned matter against three insurance companies seeking reimbursement for attorneys' fees and costs related to the defense of several lawsuits[3] in California and Louisiana.[4] The earlier litigation resulted from an alleged corporate takeover scheme executed by non-parties to this litigation that involved two business entities supposedly controlled by Namer, Blue Haven National Management, Inc. ("Blue Haven") and P&A Holdings, Inc. ("P&A"), both of

---

[1] R. Doc. No. 54.
[2] R. Doc. No. 60.
[3] Specifically, Namer seeks coverage for claims asserted against him in the following lawsuits: "*Robert Namer v. R'Nelle Lahlou, Alvin Eisman, Naomi Eisman, Billy Eisman, Eisman Albaum Properties, LLC, and Does 1-50, inclusive / Blue Haven National Management, Inc. v. Robert Namer and Does 1-100, inclusive.*, Case No. 37-2013-00067996-CU-BT-CTL consolidated for all purposes with 3737-2013-00068322-CU-BC-CTL in the California Superior Court for the County of San Diego; and *R Namer Company v. P & A Holdings, Inc.*, No. 2:13-CV-6509-HGB-KWR in the United States District Court for the Eastern District of Louisiana." R. Doc. No. 60-1, at 1.
[4] R. Doc. No. 1.

which were allegedly insured by defendants.[5]  None of the defendants in this case defended or indemnified Namer in the previous lawsuits, all of which have now settled.

The Court has already dismissed[6] Namer's claims against two of the insurers for failure to state a claim and, therefore, only Namer's claims against AIIC remain.  With respect to AIIC, Namer claims entitlement to coverage pursuant to the Commercial General Liability policy number AES1023168 00 (the "policy") that was issued to P&A in 2012.[7]  The effective policy period was August 1, 2012 to August 1, 2013.[8]

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56.  "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine issue of

---

[5] While two of defendants admit that they are the insurers that provided coverage to Blue Haven and P&A, the third defendant, AIG Property Casualty Company, was dismissed because it was not the insurance company that issued the policy pursuant to which Namer is seeking coverage.  *See* R. Doc. No. 21.
[6] R. Doc. No. 21.
[7] R. Doc. No. 54-3, at 3.
[8] R. Doc. No. 54-5, at 26.

material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## II. Interpretation of Insurance Policies[9]

An insurance policy is interpreted like any other contract, i.e., by using ordinary contract principles. *Ledbetter v. Concord Gen. Corp.*, 665 So.2d 1166, 1169 (La. 1996). The extent of the coverage is determined by the parties' intent. *Id*. The agreement of the parties must be enforced as written as long as the policy wording is clear and unambiguous. *Id*.; *see also* La. Civ. Code art. 2045. Moreover, "[e]xclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is construed in favor of the insured." *Id*. Insurance companies are permitted to limit coverage through policy exclusions as "long as the limitations do not conflict with statutory provisions or public policy." *Id*. With these principles in mind, the Court now examines the policy at issue.

---

[9] Namer's complaint invokes California law and/or Louisiana law. R. Doc. No. 1, at 5. However, he has cited only Louisiana law in his filings with this Court. R. Doc. Nos. 44-1, 60-1.

**III.  Analysis**

AIIC raises a number of arguments in support of its position that the policy does not cover the claims that were asserted against Namer in the prior proceedings and that Namer cannot recover fees and costs pursuant to the policy.  Specifically, AIIC argues that there is no coverage under the policy because (1) the policy's "Insured vs. Insured exclusion" bars coverage for claims by one insured against another insured, and the claims asserted against Namer in the earlier litigation were all brought by other insureds; (2) the claims brought against Namer were premised on actions Namer took after he had been removed as an officer and/or director of Blue Haven and P&A and, therefore, arose after the expiration of the relevant policy period; (3) there is no coverage for the claims asserted against Namer because they did not involve an "occurrence," "property damage," or "bodily injury" as those terms are defined by the policy; (4) any claims for punitive or exemplary damages are barred pursuant to an explicit provision in the contract; and (5) because there is no coverage pursuant to the policy, AIIC had and continues to have a good faith basis for denying coverage of Namer's claims.  Accordingly, AIIC argues that Namer cannot recover additional penalties from AIIC under either the Louisiana Insurance Code or the California Insurance Code.[10]

Namer essentially concedes in his opposition that the policy excludes coverage for his claims.[11]  While he argues that "[t]his Court should deny AIIC's Motion because it is predicated upon exclusionary language that was never presented to the Plaintiff, to which he never agreed,"[12] he does not contest that the "Insured vs. Insured" exclusion, if valid, is applicable.  Although Namer disputes AIIC's contention that the claims brought against him in the earlier litigation were premised on events

---

[10] R. Doc. No. 54-3, at 1-2.
[11] Namer similarly does not dispute the other grounds on which AIIC argues that his claims should be dismissed.
[12] R. Doc. No. 60, at 1.

4

that took place outside of the policy period, that argument is irrelevant if his claims are nevertheless barred by the exclusionary provision.

The Court concludes that, even viewing the evidence in the light most favorable to Namer, his claims cannot survive summary judgment. The "Insured vs. Insured" provision unambiguously excludes coverage for claims between or among the parties insured under the policy. It reads, in pertinent part:

> 2.  Exclusions
>
>    This insurance does not apply to:
>
>    **Suits between Insureds:**
>
>    Any obligation to defend any "suit" or claim against the "insured" alleging "bodily injury," "property damage," or "personal and advertising injury" resulting from, relating to, alleged by or brought between one Insured against another Insured under this policy.[13]

Namer does not dispute that both he and the other parties to the earlier litigation were insureds under the policy. He also does not address the self-evident applicability of the exclusion pursuant to its plain language. Rather, he only argues that the provision should not be enforced against him because "Namer was not shown the presence of the above-quoted exclusion on the policy's declaration page (which only included a series of nigh-incomprehensible document code-numbers, not document titles, for the forms included with the policy), nor was he ever shown a copy of that language."[14] But the Court is not persuaded by these arguments.

First, although Namer claims to not have read the relevant portion of the policy, he has filed no sworn affidavit with the Court supporting that assertion. "[A]n unsworn and unsubstantiated statement made in an opposition memorandum is clearly not competent summary judgment evidence." *McCord v. Fab-Con, Inc.*, No. 11-522, 2012 WL 3613111, at *5 (E.D. La. Aug. 21, 2012)

---

[13] R. Doc. No. 54-7, at 42.
[14] R. Doc. No. 60, at 3.

(Barbier, J.) (citing *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991) ("Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence.")). The Court need not consider Namer's unsworn assertion.

Second, even if this Court were to accept Namer's contention at face value, Louisiana law provides that "[a]n insured is presumed to know the contents of its policy" and that "[a]ny feigned ignorance of the policy's endorsements and exclusions does not affect their validity." *Orleans Par. Sch. Bd. v. Lexington Ins. Co.*, 2012-1686 (La. App. 4 Cir. 6/5/13), 118 So. 3d 1203, 1222 (citations omitted); *see also Stephens v. Audubon Ins. Co.*, 27,658 (La. App. 2 Cir. 12/6/95), 665 So. 2d 683, 686 ("An insured is presumed to know the provisions of his policy [and so] we find Stephens' assertion that he should have been informed of the one-year limitation meritless."); *Pena v. Simeon*, 11-1083 (La. App. 5 Cir. 5/22/12), 96 So. 3d 547, 552 ("It is well settled that a party who signs a written instrument is presumed to know its contents."); *Piligra v. Am.'s Best Value Inn*, 2010-254 (La. App. 3 Cir. 10/6/10), 49 So. 3d 479, 487 ("An insured is responsible for reading its policy and is presumed to know its contents.").

"An insured thus cannot blame the insurance company for his or her own failure to read the policy." *Orleans Par. Sch. Bd.*, 118 So. 3d at 1222 (internal quotations and citation omitted).[15] Namer's failure to read the policy cannot prevent it from being enforced against him where the policy's exclusionary language is clear and unambiguous. Namer has not identified any ambiguities in the contract's exclusionary provision, and this Court does not find any. Accordingly, because the Court agrees with AIIC (and apparently with Namer) that the Insured vs. Insured coverage exclusion

---

[15] To the extent that it is applicable, California law is in accord with that of Louisiana on this principle. *See Mission Viejo Emergency Med. Associates v. Beta Healthcare Grp.*, 197 Cal. App. 4th 1146, 1155, 128 Cal. Rptr. 3d 330, 337 (2011) ("It is a general rule that the receipt of a policy and its acceptance by the insured without an objection binds the insured as well as the insurer and he cannot thereafter complain that he did not read it or know its terms. It is a duty of the insured to read his policy.") (internal quotations and citation omitted).

bars Namer's claims, the above-captioned action should be dismissed. Because this ground is dispositive of Namer's claims, the Court does not address AIIC's other arguments for summary judgment.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that AIIC's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that all of Namer's claims against AIIC in the above-captioned matter are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, April 12, 2016.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE